AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

JEAN GREEN-ALVAREZ

*Defendants*

Case No. 20-MJ-0664

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about January 15, 2020, in the County of Monroe, in the Western District of New York, **JEAN GREEN-ALVAREZ** did knowingly and unlawfully possess a firearm as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Investigator JOSEPH BRIGANTI, ATF
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date:  June 23, 2020

_____
*Judge's signature*

HONORABLE MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State:  Rochester, New York

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

JEAN GREEN-ALVAREZ,

      Defendant

20-MJ-0664

State of New York)
County of Monroe)  ss
City of Rochester)

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Briganti, being duly sworn, deposes and says:

1. Your affiant is a Police Investigator with the Rochester Police Department and currently assigned as a Task force officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the New York Field Division, Rochester Field Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

1

2. I have been employed as Police Investigator since 2011. Prior to being employed as a Police Investigator, I was employed as a Police officer beginning in 1995 for both the City of Rochester, New York Police Department (RPD) and the Niagara Falls, New York Police. My duties as a Police Investigator include investigating violations of state and federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, as well as the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence.

3. Additionally, I have been assigned to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as a designated Task Force officer. During my tenure with RPD and ATF, I have participated in numerous investigations relating to armed individuals that were involved in the distribution of controlled substances, including cocaine, cocaine base, heroin and other substances in violation of federal narcotics laws, including Title 21, United States Code, Section 846 and Title 18 United States Code, Sections 922 and 924. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs. I have been the Affiant on five affidavits in support of Federal Title III intercepts and numerous Federal search warrants, arrest warrants, and other applications. Through my training, education, experience and speaking with other law enforcement officers, I have become familiar with the manner in which illegal drugs are manufactured, transported, stored, and distributed, and with the methods of payment for such drugs. I am also trained in the appearance and common

characteristics of illegal narcotics, including but not limited to cocaine, heroin, fentanyl, and marijuana. I am familiar with how those illegal narcotics are packaged for sale and I am also trained in how to properly conduct field tests on suspected illegal substances.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a criminal complaint charging JEAN GREEN-ALVAREZ (hereinafter GREEN-ALVAREZ) with a violation of Title 18, United States Code, Sections 922(g)(1) (possession of a firearm by a convicted felon).

5. As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that GREEN-ALVAREZ committed the above-mentioned offense.

## PROBABLE CAUSE

6. On January 15, 2020 at approximately 12:32 a.m. Rochester Police officers responded to 46 Backus Street, Rochester, Western Judicial District of New York, for a report of a menacing with a shotgun. When officers arrived they spoke with a

3

fourteen year old victim, who stated he came to the area to see a friend. When the victim was unable to make contact with his friend, he went door to door at a number of locations on Emerson Street, in the city of Rochester, attempting to get assistance with charging his cellular telephone. As the victim approached 108 Emerson Street, he observed a male Hispanic, later identified as GREEN-ALVAREZ, and a female Hispanic in the doorway. As the victim approached the location, the female handed GREEN-ALVAREZ what appeared to be a black rifle. GREEN-ALVAREZ approached the victim and demanded his black laptop backpack. The victim told officers that he complied with GREEN-ALVAREZ's demands and handed him the backpack. The victim also said GREEN-ALVAREZ then walked back to 108 Emerson Street where he gave the rifle back to the Hispanic female. The victim saw the female bring the rifle back inside the location and GREEN-ALVAREZ walked west bound on Emerson Street.

7. Rochester Police Department Investigators Paul Dondorfer and Matthew Hill responded to 108 Emerson Street to assist with the investigation. Investigator Hill obtained a consent to search the residence from a female with the initials M.F., a resident of 108 Emerson Street. Officers searched the residence and located a Smith and Wesson M and P .556 Caliber Rifle, Serial Number SX06192 in the basement of 108 Emerson street. 106 and 108 Emerson Street is a multiple family side-by-side structure with a common basement.

8. Investigators spoke to the owner of 108 Emerson Street, a male with the initials C.C., and determined that the location was equipped with a security camera system. C.C. provided investigators with the password to access the internal hard drive of the system. Upon reviewing the footage from the time of the incident, officers observed GREEN-ALVAREZ approach and brandish the victim with the rifle. The video also showed the victim hand over his backpack. Afterwards, the video showed GREEN-ALVAREZ walk back to the front of 108 Emerson Street and hand the rifle and backpack to a female. GREEN-ALVAREZ then walked west down Emerson Street.

9. Later that evening on January 15, 2020, at approximately 8:00 p.m., Investigators Dondorfer and Hill responded back to 108 Emerson Street and met with the homeowner, C.C. Investigators requested permission to view the security camera footage. C.C. advised investigators that all of the footage was erased from the system. Rochester Police Technicians responded to 108 Emerson Street to assist Investigators with the recovery of the camera footage. Technicians determined that someone logged into the system at approximately 4:30 p.m. on January 15, 2020 and manually erased the footage from the hard drive. However, technicians were still able to retrieve the footage.

10. Investigators were able to recover footage of the events of January 15, 2020 and obtained still photographs of the suspect, who had yet to be identified. The photographs were distributed to law enforcement in and attempt to identify the suspect. On February 20, 2020 Investigator Dondorfer was contacted by Federal

Probation Officer Ivette Rivera-Hernandez. Officer Rivera-Hernandez stated that she had an opportunity to view the still photographs relating to the incident on January 15, 2020 at 108 Emerson Street, Rochester NY. Officer Rivera-Hernandez positively identified the male suspect in the photographs as GREEN-ALVAREZ. GREEN-ALVAREZ is currently being supervised by the United States Office of Probation and Parole under Rivera-Hernandez's supervision. Officer Rivera-Hernandez provided Investigators with a sworn deposition wherein she positively identified GREEN-ALVAREZ.

12. On March 9, 2020 officers from the United States Office of Probation and Parole searched GREEN-ALVAREZ's residence located at 131 Emerson Street, Rochester. Upon completion of the search, GREEN-ALVAREZ was transported to the Rochester Police Department's east side office to be interviewed. At approximately 10:09 a.m. Investigator Dondorfer and Rochester Police Officer Juan Morales entered the interview room with GREEN-ALVAREZ. Investigator Dondorfer determined that GREEN-ALVAREZ had difficulty understanding the English language and that Spanish was GREEN-ALVAREZ's primary language. Investigator Dondorfer requested the assistance of Officer Morales to act as a translator between him and GREEN-ALVAREZ. GREEN-ALVAREZ was provided with his Miranda rights in Spanish. GREEN-ALVAREZ agreed to waive his rights and speak with Investigator Dondorfer.

13. Initially GREEN-ALVAREZ denied being involved in the events of January 15, 2020 at 108 Emerson Street. Investigator Dondorfer showed GREEN-ALVAREZ a portion of the video capturing the events. GREEN-ALVAREZ initially denied that he was the person depicted in the video pointing the rifle at the victim and taking his backpack but later admitted that it was in fact him. GREEN-ALVAREZ stated that he believed the victim was coming to the house to steal from them. He stated that people had come to the house to steal from them in the past. He stated that after he took the victim's backpack he brought the rifle and backpack to 108 Emerson Street and put them inside before leaving the residence.

14. In connection with this investigation, your affiant has reviewed a criminal history for GREEN-ALVAREZ which reflects that on or about June 11, 2009 he was convicted of conspiracy to possess with intent to distribute at least 20 but less than 35 grams of cocaine within a protected location in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860 in the District of Puerto Rico. On September 25, 2009 he was sentenced to 60 months imprisonment followed by 8 years of supervised release. On June 28, 2013 he was his sentence was amended to 68 months imprisonment.

15. After speaking with ATF Senior Special Agent Ryan Szwejbka, an interstate nexus expert, your affiant learned that the firearm involved in the above-described was not manufactured in the State of New York and consequently would have affected interstate commerce and/or foreign commerce.

16. On January 15, 2020, GREEN-ALVAREZ was charged with one count of Criminal Possession of a Weapon in the Second Degree and one count of Criminal Use of a Firearm in the First Degree in violation of the New York State Penal Law in relation to the events of January 15, 2020. Those charges are currently pending presentment to the Monroe County Grand Jury. Your affiant requested that the United States Attorney's Office review this case and adopt it for federal prosecution.

## CONCLUSION

17. Based on the above information, your affiant submits that probable cause exists to believe that GREEN-ALVAREZ violated violations of Title 18, United States Code, Sections 922 (g)(1) (possession of a firearm by a convicted felon).

>Investigator Joseph Briganti
Bureau of Alcohol, Tobacco, Firearms and Explosives/Rochester Police Department

Affidavit and Criminal Complaint submitted
electronically by email in .pdf format. Oath
administered, and contents and signature, attested
to me as true and accurate telephonically pursuant to Fed.
R.Crim.P. 4.1 and 4(d) on this 23rd day of June 2020.

HON. MARK W. PEDERSEN
United States Magistrate Judge

8